UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60579-CIV-ROSENBAUM/HUNT

SPARTA INSURANCE COMPANY,

    Plaintiff,

v.

MIGUEL COLARETA, AIDA COLARETA
PAMELA COLARETA and
ALLIED MEDICAL TRANSPORT, INC.

    Defendants.
_____/

## ORDER ON AFFIRMATIVE DEFENSES

This matter is before the Court upon Plaintiff Sparta Insurance Company's Motion to Strike Defendants' Affirmative Defenses. [D.E. 17]. The Court has reviewed the Motion and all supporting and opposing filings and is otherwise fully advised in the premises. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion.

## I. INTRODUCTION

Plaintiff Sparta Insurance Company filed this action against Defendants Allied Medical Transport, Inc., and Miguel Colareta, Aida Colareta, and Pamela Colareta ("the Colareta Defendants") seeking declaratory relief with respect to its rights and obligations under an insurance policy in connection with an underlying lawsuit between Allied and the Colareta Defendants pending in the 17th Judicial Circuit in and for Broward County, Florida. D.E 17. The underlying action stems from Migeual Colareta's fall from an Allied transport van and the damages that allegedly arose out of that incident. *Id.* Allied holds an insurance policy with Sparta, and Sparta seeks a declaration

from this Court that coverage under that policy is available only under the Business Auto coverage portion. *Id.*

After Sparta filed its Amended Complaint [D.E. 14], the Colareta Defendants filed their Answer and Affirmative Defenses, setting forth ten affirmative defenses [D.E. 15]. Plaintiff now moves to strike the First, Third, Fifth, Seventh, Eighth, Ninth, and Tenth affirmative defenses. Specifically, Plaintiff maintains that the First affirmative defense should be stricken because it is redundant; the Third affirmative defense should be stricken because the allegation of bad faith is premature; the Fifth affirmative defense should be stricken because the doctrine of estoppel is not applicable to coverage matters; the Seventh affirmative defense should be stricken because it is merely a statement of relief; the Eighth Affirmative defense should be stricken because spoliation is a rule of evidence and not a defense; the Ninth affirmative defense should be stricken because it constitutes an opinion; and finally, the Tenth affirmative defense should be stricken because it constitutes a "reservation of additional defenses" and is therefore not a defense.

In their Response to Plaintiff's Motion to Strike, Defendants agreed to strike the First, Ninth, and Tenth affirmative defenses. Accordingly, the Court will address the remaining defenses only.

## II. LEGAL STANDARD

Rule 12(f), Fed. R. Civ. P., governs the Court's authority to strike defenses. Rule 12(f) provides, in relevant part, that the " court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has broad discretion when considering a motion to strike. *See Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Striking defenses from a pleading, however, "is a drastic remedy to be resorted to only when required for the purposes of justice" and only when

the stricken material has "no possible relation to the controversy." *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962);[1] *Jackson v. Grupo Indus. Hostelero, S.A.*, No. 07-22046-CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008)).

Affirmative defenses must be pled by a party when responding to a claim for relief. Fed. R. Civ. P. 8(b), (c). An affirmative defense is established only when "a defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F. Supp. 2d at 1318 (citing *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)).

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. Some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). "If this is correct, affirmative defenses which merely offer 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal citation omitted)). To meet the requirements of *Twombly* and *Iqbal*, an affirmative defense would have to contain factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

As a basis for this conclusion, courts adopting this position have explained that it is unfair "to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis

---

[1] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

for . . . [the plaintiff's] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs., Inc.*, 2010 WL 3027726, *2 (S.D. Fla. Aug. 2, 2010) (citation and internal quotation marks omitted). In addition, such courts have reasoned, when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Id.* at *3 (citation and internal quotation marks omitted).

Other courts, however, have held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses. *See, e.g.*, *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Blanc v. Safetouch, Inc.*, No. 3;07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). These courts have pointed to the differences between Rule 8(a), which governs the pleading of claims, and Rules 8(b) and (c), Fed. R. Civ. P., which apply to affirmative defenses.

Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(b)(1)(A) provides only that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Similarly, Rule 8(c) requires parties to "affirmatively state any avoidance or affirmative defense." Honing in on the absence of the "showing" language in Rules 8(b) and (c), courts finding the *Twombly*/*Iqbal* pleading standard to be inapplicable to the pleading of affirmative defenses have rested their argument primarily on three major bases.

-4-

First, these courts argue that the *Twombly* pleading standard is grounded in Rule 8(a)(2)'s "showing" requirement. *See EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012). To demonstrate this contention, these courts note that the Supreme Court explained in *Twombly*, "[A] plaintiff's obligation to provide the 'grounds' of his '*entitle[ment] to relief*' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* (quoting *Twombly*, 550 U.S. at 555) (emphasis added by *Joe Ryan* Court). Similarly, they point to language in footnote 3 of the majority opinion, which responds to the dissent's argument that the Federal Rules eliminated fact pleading altogether and states, "Rule 8(a)(2) still requires a '*showing*,'" rather than a blanket assertion, of *entitlement to relief*." *Id.* at 662-63 (quoting *Twombly*, 550 U.S. at 555 n.3) (emphasis added by *Joe Ryan* Court).

Second, these courts observe the stark omission of the "showing" requirement from Rules 8(b) and (c) and point out the sole requirement of "stating" in Rules 8(b) and (c) *See id*. at 662-63. A significant difference exists between requiring the statement of something and requiring the showing of something. "To state" means "[t]o set forth in words; declare," *The American Heritage Dictionary* 1694 (4th ed. 2000), while "to show" refers to the practice of "demonstrat[ing] by reasoning or procedure" or "demonstrat[ing] to by reasoning or procedure; inform[ing] or prov[ing] to: *showed him how to fix the camera; showed her that it could really happen*," *id.* at 1612. Thus, showing requires significantly more than stating alone.

Third, recognizing what these courts characterize as the clear difference in directives between the language of Rule 8(a), on the one hand, and Rules 8(b) and (c), on the other, these courts invoke the "well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *Id.* at 663 (citing *Bus. Guides v. Chromatic*

-5-

*Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). In particular, these courts note that if the drafters of Rule 8 had intended for the "showing" requirement to apply to the pleading of defenses, they knew how to say it, as demonstrated by Rule 8(a), and would have written that requirement into Rules 8(b) and (c). *Id.* The drafters of Rules 8(b) and (c) having not done so, these courts reason, the judiciary is not free to engraft the "showing" requirement onto these rules itself. *Id.* Thus, these courts conclude, where, as with Rule 8, the language of the provision being construed is clear, the analysis ends with the language, and the court may not take into account policy considerations. *Id.*

Although this Court finds the reasoning behind the cases applying the *Twombly* standard to the pleading of defenses to be inherently more appealing from a policy standpoint, in the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses. "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir.1988)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, *8 (N.D. Ga. June 13, 2011). "Rule 8 'does not obligate a defendant to set forth detailed factual allegations' but only to 'give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests.'" *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840 at *2 (N.D. Fla. June 25, 2012). Therefore, so long as Defendants' affirmative

defenses give Plaintiffs notice of the claims Defendants will litigate, and vice versa, the defenses will be appropriately pled under Rules 8(b) and (c).

As noted, motions to strike are disfavored by courts. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327-28 (S.D. Fla. 2011) (citing *Augustus*, 306 F.2d 862 at 868). Thus, affirmative defenses should be stricken only where they fail to give the plaintiff fair notice of the nature of the defense or where they are clearly insufficient as a matter of law. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Smith v. Walmart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840 at *2 (N.D. Fla. June 25, 2012) (citation omitted); *Zeron v. C&C Drywall Corp., Inc.*, No. 09-60861-CIV, 2009 WL 2461771 (S.D. Fla. Aug. 10, 2009); *Blount v. Blue Cross and Blue Shield of Florida, Inc.*, No. 3:10-cv-1151-J-34MCR, 2011 WL 672450 at *1 (M.D. Fla. Feb. 17, 2011).

### III. DISCUSSION

### A. Failure to Confer

As a preliminary matter, the Colareta Defendants argue that Plaintiff's Motion to Strike should be denied for failure to comply with Local Rule 7.1. Local Rule 7.1(a)(3) requires that attorneys make reasonable efforts to confer and put forth a good faith effort to resolve by agreement the issues to be raised in the motion. Although Plaintiff's counsel erroneously certified that he had conferred with Defendants' counsel concerning the present motion, the Court declines to deny the Motion to Strike on this basis. The briefing history makes clear that Defendants do, in fact, oppose much of the relief that Plaintiff seeks, and the Court prefers, where possible, to decide matters on

the merits. Significantly, Defendants were not prejudiced in their defense of the case by Plaintiff's failure to comply with Rule 7.1(a)(3).

Nevertheless, compliance with the Local Rules' conferral requirement is important. It preserves the resources of the parties and the court by preventing the investment of time and effort in briefing and resolving issues over which no dispute actually exists. Moreover, while the Court appreciates Plaintiff's counsel's concession that, when he certified the pre-filing conference, he inadvertently confused this case with another where he had already conferred, Plaintiff's actions nonetheless did cause the unnecessary expenditure of Defendants' time in addressing issues that they otherwise would not have needed to mention, had Plaintiff complied with the Local Rules. As a result, the Court finds that Plaintiff shall pay Defendants a total of $350 to compensate them for unnecessarily expended time.

### B. Defendants' Third Affirmative Defense

The Colareta Defendants' Third affirmative defense avers that Plaintiff is not "acting in the best interest of the insured and is in violation of Florida's Claim Handling Statutes." D.E. 15. Both parties acknowledge that this amounts to an allegation of bad faith. *See* D.E. 17, 18. Plaintiff contends that a bad-faith defense is improper at this stage because allegations of bad faith are impermissible until coverage has been established under the relevant insurance policy. Thus, Plaintiff maintains, a bad-faith defense in this case is premature since no determination of Sparta's liability under the policy at issue has yet occurred. Defendants counter that the case law cited by Plaintiff is inapplicable because those cases involved counterclaims and not affirmative defenses.

The Court agrees with Plaintiff. Determination of liability and damages is necessary to state a claim for bad faith against an insurer. *Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So. 2d

1289, 1291(Fla. 1991); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270 (Fla. 2000). "If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. *Hartford Ins. Co. v. Mainstream Constr. Group, Inc.,* 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004). As a result, an insured's action for insurance benefits against the insurer must be resolved before a cause of action for bad faith can accrue. *Blanchard*, 575 So. 2d at 1291.

This same rationale applies to the assertion of affirmative defenses. A bad-faith action "does not arise by way of an affirmative defense [but] . . . as a separate and divisible action once a court has determined the issue of coverage in favor of the insured or injured third-party." *First Specialty Ins. Corp. v. GRS Mgmt. Assocs., Inc.*, No. 08-81356-CIV, 2009 WL 2169869, at *3 (S.D. Fla. July 20, 2009) (alteration in original) (internal quotation marks omitted) (quoting *Cont'l Cas. Co. v. City of Jacksonville*, 555 F. Supp. 2d 1312, 1336 (M.D.Fla.2007)) (striking affirmative defense concerning insurer bad faith). Thus, a bad-faith allegation is more appropriately brought as an independent action only after policy coverage has been established.

Here, Plaintiff brings the present action to determine its liability under the insurance policy it issued to Allied. Because the extent of that policy coverage has not yet been adjudicated by this Court, the Colareta Defendants' assertion of bad faith is not approproate at this time. Accordingly, the Court grants the Motion to Strike the Third affirmative defense.

### C. Defendants' Fifth Affirmative Defense

The Amended Complaint notes that the Commercial General Liability ("CGL') coverage part of the insurance policy contains, in part, the following exclusion:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

D.E. 14 at ¶ 19. As their Fifth affirmative defense, the Colareta Defendants assert that the "loading and unloading" exclusionary clause of the CGL coverage refers only to the loading and unloading of property, not persons, which they contend was involved in the underlying case. Thus, Defendants maintain that Plaintiff cannot exclude coverage in this case on the basis of this provision. Plaintiff retorts that this is not a proper affirmative defense because Defendants' interpretation of the policy language is not a new fact in justification or avoidance of the action.

"In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1269 (3d ed. 2004)) (internal quotation marks omitted). When this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial. *Id.*; *see also FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug, 13, 2009). Here, the Colareta Defendants seek to contradict the assertion that they are excluded from coverage. As a result, the Court construes the Fifth affirmative defense as a denial, and the Motion to Strike the Fifth affirmative defense is denied.

### D. Defendants' Seventh Affirmative Defense

The Colareta Defendants' Seventh affirmative defense states that the CGL coverage operates as excess coverage to the insurance policy's Business Auto coverage. Plaintiff contends that this is not a defense but merely "a statement of [] belief." D.E. 36 at 5.

Again, the Court finds that this affirmative defense in fact constitutes a denial. "An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Katz v. Chevaldina*, No. 12-22211-CIV, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (quoting *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (internal quotation marks omitted). Unless the affirmative defense is an avoidance or justification, it should be treated as a denial. *Id.*

The essence of Plaintiff's Amended Complaint is that the CGL coverage does not apply with respect to the underlying litigation between Allied and the Colareta Defendants. Indeed, in this action, Plaintiff seeks a declaration that coverage is available only under the Business Auto coverage portion of the policy. In asserting that the CGL coverage provides excess coverage to the Business Auto policy, Defendants implicitly deny the inapplicability of the CGL coverage in this case. Thus, rather than admitting the allegations and providing an appropriate justification, the Colareta Defendants contradict Plaintiff's claims. Consequently, the Court treats this affirmative defense as a denial, and the Motion to Strike the Seventh affirmative defense is denied.

### E. Defendants' Eighth Affirmative Defense

Finally, the Colareta Defendants assert spoliation of evidence as an affirmative defense. According to Defendants, Plaintiff is independently negligent due to its alleged failure to ensure that evidence was properly preserved. Plaintiff, however, maintains that the defense should be stricken because spoliation is a rule of evidence and not a defense.

Florida law recognizes spoliation of evidence as a cause of action. *See, e.g.*, *Grayer v. Fine Line Constr. & Elec., Inc.*, 970 So. 2d 424, 425-26 (Fla. 4th DCA 2007) (identifying the elements of the cause of action for spoliation); *St. Mary's Hosp., Inc. v. Brinson*, 685 So. 2d 33, 35 (Fla. 4th DCA 1997) (recognizing the existence of a cause of action for spoliation of evidence); *Spanco Mfg., Inc. v. Alcover*, 656 So. 2d 629, 630 (Fla. 3d DCA 1995).[2] Moreover, an allegation of spoliation does not negate a claim. Unlike an affirmative defense, the spoliation rule does not prevent recovery by the plaintiff; it merely leads to the exclusion of evidence or to the admission of negative evidence. *Donohoe v. Am. Isuzu Motors, Inc.*, 155 F.R.D. 515, 520 (M.D. Pa. 1994). Because spoliation does not constitute a bar to recovery, and further, because Florida law recognizes a cause of action for spoliation, the Court is persuaded that an allegation of spoliation is not an affirmative defense. Accordingly, the Motion to Strike the Eighth affirmative defense is granted.

---

[2] In *Hagopian v. Publix Supermarkets, Inc.*, 786 So. 2d 1088, 1089 (Fla. 4th DCA 2001), the Fourth District Court of Appeal noted in passing that a party had invoked the affirmative defense of spoliation. However, the parties ultimately voluntarily dismissed the case, and the claim of spoliation was subsequently alleged as a cause of action. *Id.* Thus, the issue of whether spoliation constitutes an affirmative defense was never addressed by the court.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike is **GRANTED** in part and **DENIED** in part.  The Court grants the Motion to Strike with respect to the Third and Eighth affirmative defenses, but the Motion is denied with respect to the Fifth and Seventh affirmative defenses.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 10th day of October 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies to: Counsel of record